UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THESSALONICA ALLEN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LOGANSPORT STATE HOSPITAL, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:23-CV-332-JD-MGG |

OPINION AND ORDER

Thessalonica Allen, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Allen alleges that, when he was housed at Logansport State Hospital, Brianna Brown shared information about his legal charges and the reason he was admitted to the hospital with other patients. He completed a Human Rights and Ethics Complaint Resolution Form. Allen met with Angela Edwards about his complaint on December 6, 2022. The next day, he met with a member of the Human Rights and Ethics Committee

Staff and asked to make a police report about a HIPPA violation. That request was denied. On December 27, 2022, Allen met with Morgan Thomas and was told that this is not a HIPAA violation. On February 8, 2023, Allen filed another Human Rights and Ethics Complaint Resolution Form. On February 9, 2023, he again requested permission to make a police report, and Morgan Thomas denied the request. On March 2, 2023, Allen contacted the Indiana State Police to file a report, but he was told that nothing could be done because this is not a criminal matter.

To the extent that Allen is alleging that his rights under HIPAA, 42 U.S.C. §§ 1320d-5, d-6, were violated, he cannot state a claim. "HIPPA confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Furthermore, Allen has no constitutional right to make a police report.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 12, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

2